UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENNY MOORE,

               Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant.

CASE NO.     C06-5532RJB-KLS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Judge Karen L. Strombom, United States Magistrate Judge (Dkt. 16). The Court has considered the Report and Recommendation, the defendant's objections, the plaintiff's response thereto, and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Benny Moore, has brought this matter for judicial review of the denial of his application for supplemental security income ("SSI") benefits. The facts and procedural history of this case are set forth fully in the Report and Recommendation and are not contested in the defendant's objections (Dkt. 17) or the plaintiff's responses thereto (Dkt. 18). Dkt. 16 at 1-3.

Mr. Moore is twenty-six years old. He has had nine years of regular and special education classes and past work experience as a dishwasher. On December 21, 2005, the administrative law judge ("ALJ") issued a decision determining that the plaintiff was not disabled. The plaintiff's request for review was

ORDER
Page - 1

1    denied by the Appeals Council on August 24, 2006, making the ALJ's decision the Commissioner's final

2    decision. 20 C.F.R. § 416.1481.

3        The plaintiff filed a complaint with this Court, seeking review and reversal of "the decision of the

4    Appeals Council." Dkt. 3 at 3. In his opening brief, the plaintiff addressed the following issues for review:

5        (1) Whether the ALJ properly found that Mr. Moore's work at The Outback constituted substantial
         gainful activity and past relevant work;

6

7        (2) Whether the ALJ's properly determined that Mr. Moore's migraines,
         asthma, depression and attention deficit disorder were not severe;

8        (3) Whether the ALJ properly rejected the opinion of examining specialist Dr. Smith
         regarding the specific limitations caused by Mr. Moore's mental impairments.

9

10       (4) Whether the ALJ must address the lay evidence from Roseanne Moore.

11       (5) Whether the ALJ properly rejected the lay evidence from Joey Bauer,
         Moore, and Eileen Darby.

12       (6) Whether the record is complete or further development is needed.

13   Dkt. 13 at 14.

14       In the Report and Recommendation, Magistrate Judge Strombom concludes that the ALJ erred in

15   determining that the plaintiff was not disabled and that the matter should be remanded to the Commissioner

16   for further administrative proceedings. Dkt. 16 at 3.

17       The defendant has objected to the Report and Recommendation, and the plaintiff has responded to

18   those objections. Dkt. 17; Dkt. 18.

19                                  **II. DISCUSSION**

20   **A. REVIEW OF APPEALS COUNCIL'S REMAND ORDER**

21       The Report and Recommendation concludes that the ALJ lacked authority to consider whether the

22   plaintiff's past work history as a dishwasher constitutes substantial gainful activity or past relevant work

23   because the Appeals Council's order expressly found that such work did not constitute substantial gainful

24   activity. Dkt. 16 at 6.  The defendant objects to this portion of the Report and Recommendation,

25   contending that the Appeals Council remand order is not a final decision over which the Court has

26   jurisdiction. *See* 42 U.S.C. §405(g) ("Any individual, after any final decision of the Commissioner of Social

27   Security made after a hearing to which he was a party, irrespective of the amount in controversy, may

28   obtain a review of such decision by a civil action . . . ."); 20 C.F.R. §422.210 ("A claimant may obtain

     judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's

request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.").

As contended by the plaintiff, the Report and Recommendation does not assess the propriety of the Appeals Council's remand order and did not treat such order as a final decision. The Report and Recommendation assessed only the December 21, 2005, determination regarding the plaintiff's past work as a dishwasher and the authority of the ALJ to make such a finding in light of the Appeals Council's remand order.

The Appeals Council remand order "concurs with the ALJ's determination that the totality of the work is an unsuccessful work attempt." Dkt. 11 at 288. The ALJ's determination, on remand, that "the claimant's pattern of work as a dishwasher was not aberrant and does not show an unsuccessful work attempt" directly contradicts this portion of the remand order. *See id.* at 19; 20 C.F.R. §416.1477(b) ("Action by administrative law judge on remand. The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."). The Report and Recommendation correctly concludes that the ALJ lacked the authority to assess this issue.

**B. ASSESSMENT OF THE PLAINTIFF'S IMPAIRMENTS AT STEP TWO**

The Report and Recommendation concludes that the ALJ erred in failing to consider objective evidence of the plaintiff's attention deficit disorder ("ADD"), asthma, eczema, and migraine headaches in light of the *de minimis* nature of this step of the disability evaluation process.

**1. Attention Deficit Disorder**

The Report and Recommendation concludes that in light of "the *de minimis* nature of step two of the sequential disability evaluation process, and in light of the conflicting evidence from the medical sources in the record concerning plaintiff's ADD discussed above, the ALJ should have looked more closely at this issue." Dkt. 16 at 9.

The ALJ's determination that Mr. Moore's attention deficit disorder does not constitute a severe impairment is supported by three categories of evidence. First, the ALJ determined that the plaintiff's enrollment in special education classes and his school troubles were based upon his asthma, migraines, poor organizational skills, and attendance rather than his attention deficit disorder. Dkt. 11 at 22. The Report and Recommendation correctly concludes that evidence that the plaintiff's attention deficit disorder

1   was not the sole cause of the plaintiff's issues at school does not demonstrate the severity of the plaintiff's

2   attention deficit disorder.

3            Second, the ALJ based this determination on the findings of two doctors. Dr. Smith reported that

4   Mr. Moore has only a mildly impaired ability to focus and scan. As the Report and Recommendation notes,

5   the ALJ failed to consider this finding in light of Dr. Smith's other diagnoses of the plaintiff's attention

6   deficit disorder. Furthermore, while Dr. Bremer noted that he did not see symptoms indicative of attention

7   deficit disorder, the ALJ failed to reconcile this lack of findings with later findings and with Dr. Lewy's

8   testimony that as a result of the plaintiff's attention deficit disorder and verbal learning disability, Mr.

9   Moore experiences moderate limitations in daily living, social functioning and concentration, persistence,

10  and pace. Dkt. 11 at 455.

11           Finally, the ALJ determined that the plaintiff's attention deficit disorder was not severe as

12  evidenced by the plaintiff's ability to read magazines, build models, and play video games. Dkt. 11 at 23.

13  The ALJ's conclusion that these activities evidence an ability to concentrate does not account for the

14  length of time Mr. Moore spends engaging in these activities. Mr. Moore's ability to engage in these

15  activities does not demonstrate that Mr. Moore's attention deficit disorder imposes only minimal

16  restrictions on Mr. Moore's ability to work. The Report and Recommendation should be adopted as to the

17  severity of Mr. Moore's attention deficit disorder.

18           **2. Attention Deficit Disorder**

19           The Report and Recommendation summarizes the medical evidence demonstrating that the

20  plaintiff's depression, if any, has no more than a minimal impact. Dkt. 16 at 9-10. The plaintiff does not

21  object to the Report and Recommendation, and the Court should adopt the Report and Recommendation

22  as to the severity of the plaintiff's depression.

23           **3. Asthma**

24           The Report and Recommendation concludes that the ALJ did not fully consider the objective

25  medical evidence in evaluating the severity of the plaintiff's asthma and offered unpersuasive reasons for

26  finding that the plaintiff's asthma was not severe. Dkt. 16 at 11. The ALJ's conclusion that the plaintiff's

27  asthma is not severe is based, in part, on the ALJ's assessment of Mr. Moore's work as a dishwasher. *See*

28  Dkt. 11 at 23 ("Obviously, the claimant's migraines, asthma, and eczema did not prevent him from

workings as a dishwasher."). In addition, as discussed below, the ALJ did not offer satisfactory reasons for

1  discounting the lay witness testimony, some of which addressed the plaintiff's asthma. The Court should

2  adopt the Report and Recommendation as to the severity of the plaintiff's asthma.

3  **4. Eczema**

4  The ALJ's conclusion that Mr. Moore's eczema does not constitute a severe impairment is

5  supported by one medical opinion (Dr. Ritchie's characterization of the eczema as mild) and the plaintiff's

6  work as a dishwasher. Dkt. 11 at 23. As the Report and Recommendation concludes, it is unclear whether

7  the ALJ properly considered all relevant evidence, including the statements from lay witnesses, when

8  evaluating Mr. Moore's eczema.

9  **5. Migraines**

10  The ALJ concluded that Mr. Moore's migraines do not constitute a severe impairment based upon

11  Dr. Richie's characterization of this condition as mild and upon Mr. Moore's disinterest in taking daily

12  medication, failure to identify migraines as a primary complaint, and work as a dishwasher. Dkt. 11 at 23.

13  The Report and Recommendation correctly concludes that, on remand, this issue must be reconsidered in

14  light of the lay witness testimony.

15  **C. RESIDUAL FUNCTIONAL CAPACITY**

16  The Report and Recommendation concludes that the ALJ offered only invalid reasons for rejecting

17  Dr. Smith's findings with regard to the plaintiff's residual functional capacity. Dkt. 16 at 14. With respect

18  to Mr. Moore's residual functional capacity, the ALJ determined that Mr. Moore has no physical

19  limitations, can tolerate limited contact with the public and occasional contact with co-workers, can

20  perform simple and repetitive tasks, and is best taught by demonstration. Dkt. 11 at 26. In so finding, the

21  ALJ rejected Dr. Smith's findings that Mr. Moore had "moderate limitations performing routine tasks,

22  responding appropriately to and tolerating the pressures and expectations of a normal work setting, and

23  maintaining appropriate behavior." Dkt. 11 at 26. The ALJ's basis for rejecting Dr. Smith's opinion is as

24  follows:

25  With respect to her evaluation in September of 2003, the claimant had recently worked as a
      dishwasher for a year, which does not indicate that he was having marked functional limitations. . .
26  . Dr. Smith is not a treating doctor and only saw the claimant for disability evaluations. The report
      is done in check-box format and does not contain a significant explanation of the bases for the
27  conclusions. I note that the claimant had little incentive to present himself in a manner that would
      lead Dr. Smith to conclude that he could work. Again, Dr. Smith characterized the claimant's
28  motivation as extremely poor. The fact that the claimant worked as a dishwasher for a year shows
      that he could perform routine tasks and tolerate the stresses of work.

1   Dkt. 11 at 26.

2       The ALJ's rejection of Dr. Smith's opinion was apparently based in part on the ALJ's

3   determination that Mr. Moore's work as a dishwasher constitutes substantial gainful activity. That

4   determination was improper and should not have impacted the ALJ's evaluation of the evidence.

5       In addition, Dr. Smith's report, while in a check-box format, does contain several notations and

6   should not be rejected based purely on its format. As thoroughly explained in the Report and

7   Recommendation, Dr. Smith's report contains explanatory notes and is not limited merely to checked

8   boxes. *But see Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) ("The ALJ, however, permissibly

9   rejected . . . check-off reports that did not contain any explanation of the bases of their conclusions.");

10  *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983) ("The 'diagnosis' . . . consists of check marks in

11  boxes on a form . . . .").

12      Finally, the Report and Recommendation properly concludes that Dr. Smith's mention of the

13  plaintiff's poor motivation does not support a finding that Mr. Moore was dishonest with Dr. Smith or that

14  Dr. Smith was deceived. The Report and Recommendation properly concludes that the ALJ's preferred

15  bases for rejecting Dr. Smith's findings when determining Mr. Moore's residudal functional capacity were

16  erroneous and require remand for further administrative proceedings.

17  **D. EVALUATION OF LAY WITNESS**

18      The Report and Recommendation concludes that the ALJ improperly failed to consider the lay

19  witness testimony of the plaintiff's parents, of Joey Bauer, and of Eileen Darby.

20      **1. Testimony of the Plaintiff's Mother**

21      The Report and Recommendation concludes that the ALJ's failure to consider the testimony of

22  Roseanne Moore, the plaintiff's mother, does not constitute harmless error and was not sufficiently

23  justified. Dkt. 16 at 18. The ALJ's decision is silent as to the testimony of Ms. Moore, and the defendant

24  admits that this silent disregard of Ms. Moore's testimony constitutes error. Dkt. 14 at 21. The Report and

25  Recommendation properly concludes that the failure to consider Ms. Moore's testimony does not

26  constitute harmless error because even if it mirrored the plaintiff's testimony, Ms. Moore's testimony was

27  not excluded on the basis that it was duplicative. Furthermore, the plaintiff's work as a dishwasher, which

28  was improperly considered by the ALJ, is not a sufficient basis for failing to consider the testimony. The

    defendant's objections do not address this portion of the Report and Recommendation, and the Report and

1   Recommendation should be adopted as to the ALJ's failure to consider Ms. Moore's testimony.

2   **2. Testimony of the Plaintiff's Father, Joey Bauer, and Eileen Darby**

3   The Report and Recommendation concludes that the ALJ failed to offer legally adequate reasons

4   for rejecting the statements of these lay witnesses. Dkt. 16 at 19. With respect to all three statements, the

5   ALJ "d[id] not give them significant weight." Dkt. 11 at 25. The ALJ concluded that the "statements are

6   highly exaggerated and while they may have a little validity for an earlier period of the claimant's life, they

7   are seriously at odds with the medical record during the period at issue." *Id.* As the Report and

8   Recommendation correctly concludes, the ALJ fails to reference any portion of the record demonstrating a

9   conflict between the statements and the medical record.

10  **a. Eileen Darby**

11  The Report and Recommendation concludes that the ALJ's rejection of Ms. Darby's testimony as

12  "absurd" is not supported by reasons germane to the witness or by substantial evidence. Dkt. 16 at 19-20.

13  The ALJ's discussion of Ms. Darby's statement is limited to one sentence: "Ms. Darby reported that the

14  claimant was placed in a closet in classrooms so that he would not catch illnesses from other children,

15  which is absurd." Dkt. 11 at 25-26. Ms. Darby's statement details Mr. Moore's experiences with his

16  ailments as a child and as an adult. The ALJ offers no justification for dismissing the cited portion of the

17  statement or the remainder of the statement. The Report and Recommendation should be adopted in this

18  regard.

19  **b. James Moore**

20  The Report and Recommendation concludes that even though the ALJ could properly discount Mr.

21  Moore's testimony on the basis of his financial interest in the plaintiff's claim, the ALJ did not justify

22  discounting portions of the statement that are consistent with the medical record. Dkt. 16 at 21. The only

23  other basis offered by the ALJ for assigning less weight to Mr. Moore's testimony is that it conflicts with

24  evidence regarding the plaintiff's work as a dishwasher. As has been explained by the Court and in the

25  Report and Recommendation, the ALJ's consideration of whether the plaintiff's work as a dishwasher

26  amounted to substantial gainful activity was improper. The Report and Recommendation should therefore

27  be adopted in this regard.

28  **c. Joey Bauer**

The Report and Recommendation concludes that the ALJ did not sufficiently explain the basis for

ORDER
Page - 7

rejecting the written statement of Joey Bauer, the plaintiff's longtime friend. Dkt. 16 at 21. The ALJ's decision briefly addresses and dismisses Mr. Bauer's written statement: "Mr Bauer stated that the claimant's back problem and asthma were the most serious conditions. However, the medical evidence shows that the claimant had few complaints of back pain and x-rays showed only mild scoliosis."Dkt. 11 at 26.

In dismissing Mr. Bauer's statement, ALJ addressed only part of one sentence from the five pages of handwritten text, and this sentence was taken out of context. After Mr. Bauer stated that the plaintiff's back problems and asthma were the most serious of his conditions, Mr. Bauer explained that "[the plaintiff's] eczema and migraines seem a little more seasonal, dependant on weather and allergies." Dkt. 11 at 212. Mr. Bauer's statement also addresses his observations of the way in which Mr. Moore's work as a dishwasher was impacted by his ailments. The Report and Recommendation properly concludes that the ALJ failed to justify dismissal of the statement.

**E. STEP FIVE**

The Report and Recommendation properly concludes that because the ALJ erred in determining the severity of the plaintiff's impairments and considering Dr. Smith's opinion when assessing the plaintiff's residual functional capacity, whether Mr. Moore is capable of performing work existing in significant numbers in the national economy is an issue that also must be reviewed on remand.

**III. ORDER**

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation (Dkt. 16), and this matter is **REVERSED** and **REMANDED** to the Commissioner for further administrative proceedings in accordance with the findings herein.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of May, 2007.

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 8